J-S11014-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICHAEL LEVANT JOHNSON | : | |
| | : | |
| Appellant | : | No. 2419 EDA 2018 |

Appeal from the Order Entered July 10, 2018
In the Court of Common Pleas of Chester County Criminal Division at
No(s):  CP-15-CR-0003533-2006,
CP-15-CR-0003572-2006

BEFORE:  SHOGAN, J., MURRAY, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY SHOGAN, J.:                    **FILED MAY 07, 2019**

Appellant, Michael Levant Johnson, appeals *pro se* from the order denying his petition for writ of *habeas corpus*.  We conclude that Appellant's filing was actually an untimely petition for collateral relief under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  After review, we affirm the order dismissing Appellant's filing, but we do so on grounds different than the lower court.  ***See Commonwealth v. Wilcox***, 174 A.3d 670, 674 n.4 (Pa. Super. 2017) (explaining that the Superior Court is not bound by the rationale of the lower court, and we may affirm the trial court's order on any basis supported by the record).

In its Pa.R.A.P. 1925(a) opinion, the lower court set forth the relevant facts of this case as follows:

On August 12, 2006, at approximately 1:00 a.m., [Appellant] entered the home of Calvin Buchanan and stabbed Buchanan through the heart. After stabbing Buchanan, [Appellant] immediately ran away from the scene. Buchanan bled to death in his home, unable to receive emergency treatment. On August 13, 2006, [Appellant] was apprehended by the Coatesville Police Department. During a search of [Appellant's] home, the police recovered [Appellant's] clothing which was covered in blood. Subsequent DNA reports revealed the blood was that of the victim, Buchanan.

[Appellant] was sentenced on January 11, 2008 by the Honorable James P. MacElree, II, as the result of a guilty plea on the charges of murder in the third degree and flight to avoid apprehension (Case No. 3533-2006). The same day, [Appellant] was also sentenced in Case No. 3572-2006 on the charge of intentional possession of controlled substance.

[Appellant] sought to withdraw his guilty plea after sentencing with the filing of a *pro se* motion on January 25, 2008 in which [Appellant] alleged ineffective assistance of counsel. After a hearing, this motion was denied by Judge MacElree; however, having found a conflict existed between [Appellant] and the Office of the Public Defender, Judge MacElree appointed conflict counsel, Scott D. Godshall, Esquire, for purposes of any post-sentence and/or appellate proceedings.

On February 11, 2008, [Appellant] filed a timely direct appeal.[1] Attorney Godshall was subsequently removed as counsel and replaced by Mark D. Rassman, Esquire by Order dated April 28, 2008. On appeal, [Appellant] asserted that the court's oral plea colloquy was insufficient such that his plea should be deemed "null and void." On June 25, 2009, the Superior Court affirmed [Appellant's] guilty plea and negotiated sentence, thereby dismissing the appeal. Meanwhile, [Appellant] filed a second notice of appeal, *pro se*, on June 3, 2009[2] which was denied and the matter remitted on March 29, 2010.

[1] [***Commonwealth v. Johnson***, 981 A.2d 314, 625 EDA 2008 (Pa. Super. filed June 25, 2009) (unpublished memorandum)].

²  [***Commonwealth v. Johnson***, 996 A.2d 8, 1709 EDA 2009 (Pa. Super. filed February 5, 2010) (unpublished memorandum)].

On October 14, 2009, [Appellant] filed a *pro se* PCRA petition.  Attorney Robert P. Brendza, Esquire was appointed to represent [Appellant] in the post-conviction proceedings.  On November 24, 2009, Attorney Brendza filed a petition for leave to withdraw as PCRA counsel on the basis that [Appellant's] PCRA claim presented no issues of arguable merit. [Appellant] objected to Attorney Brendza's "Finley-Turner Letter"[1] and request to withdraw.  On January 26, 2010, Judge MacElree scheduled a hearing on [Appellant's] PCRA petition; however, on March 19, 2010, the PCRA court granted [Appellant] the right to file a nunc pro tunc Petition for Allowance of Appeal with the Supreme Court of Pennsylvania and dismissed the remaining claims asserted in the PCRA petition.  The Supreme Court denied the Allowance of Appeal on August 31, 2010.³

³  [***Commonwealth v. Johnson***, 4 A.3d 157, 272 MAL 2010 (Pa. filed August 31, 2010)].

On August 5, 2011, [Appellant] filed a subsequent *pro se* PCRA petition. By Order dated December 7, 2011, the PCRA court appointed counsel, Laurence Harmelin, Esquire.  [Appellant's] PCRA petition alleged that his guilty plea was involuntary and that his trial counsel, appellate counsel and prior PCRA counsel were all ineffective.  Attorney Harmelin filed an Amended PCRA petition on November 16, 2012.  The Commonwealth filed a response on December 19, 2012.  A PCRA hearing was held on January 22, 2013 and was limited to the issue of whether trial counsel's ineffectiveness caused [Appellant] to enter an involuntary or unknowing guilty plea.  [Appellant's] PCRA petition was denied by Order dated February 20, 2013.

[Appellant] appealed the PCRA dismissal to the Superior Court on March 8, 2013.⁴  For this appeal, [Appellant] was represented by Brenda L. Jones, Esquire. Following a request by

---

1  ***See Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*) (setting forth the requirements for counsel to withdraw in a collateral proceeding).

[Appellant] to dismiss Attorney Jones as counsel and an on the record colloquy, Attorney Jones was granted leave to withdraw. In this appeal, [Appellant] again challenged the effectiveness of his trial counsel and the voluntariness of the guilty plea entered on the charge of third degree murder. The Superior Court affirmed dismissal of the PCRA petition by Order dated July 8, 2015.

> [4] [*Commonwealth v. Johnson*, 125 A.3d 439, 824 EDA 2013 (Pa. Super. filed July 8, 2015) (unpublished memorandum)].

[Appellant] then filed a Petition for Writ of Habeas Corpus in the U.S. District Court for the Eastern District of Pennsylvania. The record was transferred to the District Court for further proceeding under docket number 2015-cv-04242. By Order dated August 30, 2017, the Petition for Writ of Habeas Corpus was denied. [Appellant] appealed to the Third Circuit Court of Appeals on September 28, 2017. On May 4, 2018, the request for a certificate of appealability was denied. The record was remanded to the trial court in Chester County.

Undeterred, on June 23, 2018, [Appellant] filed a *pro se* Writ of Habeas Corpus and/or Motion for Application of RRRI Eligibility.[5] This court denied the motion by Order dated July 10, 2018. [Appellant then submitted an Application for Reargument En Banc and/or Objection to Denial of RRRI Eligibility. The court denied same by Order of August 3, 2018. It is from these Orders which [Appellant] now appeals.[2]

_____

[2] In his notice of appeal, Appellant states that he appealed from the July 10, 2018 order. As the lower court noted, Appellant filed an application for relief following the July 10, 2018 order that was denied on August 3, 2018. However, Appellant did not appeal the August 3, 2018 order. Although Appellant's notice of appeal was filed and docketed on August 10, 2018, thirty-one days after the entry of the July 10, 2018 order, we consider the appeal timely. Because Appellant was incarcerated and the record reflects that he placed his notice of appeal in the prison mail on August 6, 2018, his appeal is deemed filed on that date pursuant to the prisoner mailbox rule. *See Commonwealth v. Johnson*, 192 A.3d 1149, 1152, n.4 (Pa. Super. 2018) (stating that a *pro se* prisoner's document is treated as filed on the date he delivers it to prison authorities for mailing).

⁵ Upon further consideration, it could be argued that this court should have treated [Appellant's] motion as his third PCRA petition. As it was a subsequent PCRA petition and presented no issues of arguable merit, this court would have refused to appoint counsel.

Before this court could have addressed the merits of [Appellant's] claims, we would have had to determine whether the PCRA petition was timely filed. Pursuant to 42 Pa.C.S.A. §9545(b)(1), a PCRA petition must be filed within one year of the date that the challenged judgment becomes final. This petition was patently untimely given that it was filed more than one year after his guilty plea and negotiated sentence was affirmed by the Superior Court on June 25, 2009 and the Supreme Court's denial of an Allowance of Appeal on August 31, 2010.

There are three exceptions to the one year filing deadline. 42 Pa.C.S.A. §9545(b)(1)(i-iii). The timeliness exceptions involve "(1) interference by government officials in the presentation of the claim; (2) newly-discovered facts; and (3) an after-recognized constitutional right." *Commonwealth v. Brandon*, 51 A.3d 231, 233-34 (Pa. Super. 2012). A PCRA petition invoking one of these exceptions must "be filed within 60 days of the date the claims could have been presented.["] See, 42 Pa.C.S.A. §9545(b)(2). Thus, [Appellant] would have been required to establish his entitlement to a timeliness exception. Presumably [Appellant] would argue that this petition asserts an after-recognized constitution right. However, [Appellant] would have been unable to establish his right to such exception because his petition was not filed within 60 days following the enactment of the RRRI Act. The RRRI Act became effective on November 24, 2008. [Appellant] did not file this petition until June 23, 2018, nearly ten years later. Moreover, it is doubtful that the RRRI Act amounts to an after-recognized constitutional right as [the] statute does not increase any rights due to such a defendant or impose any legal burden of additional punishment, but merely provides a treatment opportunity intended to prevent recidivism.

- 5 -

As a result, this court would have lacked any jurisdiction to consider the merits of [Appellant's] petition, even had we treated it as a PCRA petition. See, *Commonwealth v. Robinson*, 837 A.2d 1157 (Pa. 2003) (The timeliness of a PCRA petition is petition is jurisdictional requisite). Any such error in failing to do so was harmless.

Trial Court Opinion, 9/17/18, at 2-5. Appellant filed a timely appeal on August 6, 2018.[3] Both the PCRA court and Appellant have complied with Pa.R.A.P. 1925.

On appeal, Appellant raises the following issues:

1. Is Appellant entitled to retroactive application of the "RRRI Act" being a first time violent offender.

2. Is Appellant's sentence illegal absent a hearing to determine RRRI Eligibility.

3. Whether Appellant's Attorney is ineffective for not preserving the issue of RRRI Eligibility on direct appeal.

4. Is Appellant automatically eligible due to the RRRI statute becoming activated while Appellant was on direct appeal,

_____

[3] We note that on June 1, 2018, our Supreme Court held that, prospectively, "when a single order resolves issues arising on more than one lower court docket, separate notices of appeal must be filed. The failure to do so will result in quashal of the appeal." **Commonwealth v. Walker**, 185 A.3d 969, 977 (Pa. 2018). Appellant filed a single notice of appeal that contained both trial court docket numbers as he has done for more than eleven years. Facially, this would appear to violate **Walker**. However, these two docket numbers have been treated as a single case by the trial court and this Court since Appellant's first appeal was filed on February 14, 2008. **See Commonwealth v. Johnson**, 981 A.2d 314, 625 EDA 2008 (Pa. Super. filed June 25, 2009) (unpublished memorandum); **Commonwealth v. Johnson**, 996 A.2d 8, 1709 EDA 2009 (Pa. Super. filed February 5, 2010) (unpublished memorandum); and **Commonwealth v. Johnson**, 125 A.3d 439, 824 EDA 2013 (Pa. Super. filed July 8, 2015) (unpublished memorandum). Under the circumstance presented here, we decline to quash the appeal.

Appellant was sentenced on January 11, 2008 the RRRI statute became effective on November 24, 2008, Appellant's sentence was not final until June 25, 2009.

5. Whether the lower Court Judge, Jeffrey R. Sommer erred in misapplying the law in accordance to the rules of Statutory Construction.

Appellant's Brief at 4 (*verbatim*).

As we noted above, and as recognized by the lower court in footnote 5 of its opinion, Appellant's writ of *habeas corpus* and/or motion for application of RRRI eligibility should have been treated as a serial PCRA petition. It is well settled that "the PCRA is intended to be the sole means of achieving post-conviction relief." **Commonwealth v. Taylor**, 65 A.3d 462, 465 (Pa. Super. 2013) (citations omitted). Accordingly, any petition for post-conviction collateral relief will generally be considered under the auspices of the PCRA, notwithstanding the title given to the petition, if the petition raises issues cognizable under the PCRA. **Commonwealth v. Hutchins**, 760 A.2d 50, 52 n.1 (Pa. Super. 2000); 42 Pa.C.S. § 9542.

The focus of Appellant's issues is his claim that the sentencing court failed to make him Recidivism Risk Reduction Incentive ("RRRI")[4] eligible. A challenge to the trial court's failure to impose an RRRI sentence implicates the

---

[4] **See** 61 Pa.C.S. §§ 4501-4512 (The Recidivism Risk Reduction Incentive Act or "RRRI" Act). "The [RRRI] Act is intended to encourage eligible offenders to complete Department of Corrections programs that are designed to reduce recidivism. **See** 61 Pa.C.S. §§ 4502, 4504(b). Eligible offenders may also be able to take advantage of a reduced sentence. **See id.** § 4505(c)." **Commonwealth v. Cullen–Doyle**, 164 A.3d 1239, 1240 (Pa. 2017).

legality of the sentence as it is legal error to fail to impose a RRRI minimum on an eligible offender. ***Commonwealth v. Finnecy***, 135 A.3d 1028, 1033 (Pa. Super. 2016). A challenge to the legality of a sentence cannot be waived as a general rule; however, it must be raised in a timely PCRA petition. ***Commonwealth v. Fahy***, 737 A.2d 214, 223 (Pa. 1999).

The PCRA "provides for an action by which persons convicted of crimes they did not commit and persons serving illegal sentences may obtain collateral relief." ***Commonwealth v. Jackson***, 30 A.3d 516, 518 (Pa. Super. 2011) (quoting 42 Pa.C.S. § 9542). ***See also Commonwealth v. Rivera***, 95 A.3d 913, 915 (Pa. Super. 2014) ("If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction."); ***Commonwealth v. Hackett***, 956 A.2d 978, 986 (Pa. 2008) (explaining that when considering types of claims that are cognizable under the PCRA, "the scope of the PCRA eligibility requirements should not be narrowly confined to its specifically enumerated areas of review"). Accordingly, Appellant's claim is cognizable under the PCRA. Therefore, Appellant's filing should have treated as a PCRA petition.

However, we point out that the timeliness of a PCRA petition is a jurisdictional threshold and may not be disregarded in order to reach the merits of the claims raised in a PCRA petition. ***Commonwealth v. Lawson***, 90 A.3d 1, 4 (Pa. Super. 2014). Nevertheless, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the

three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii), is met. A petition invoking one of these exceptions must be filed within one-year from the date the claim could first have been presented. 42 Pa.C.S. § 9545(b)(2).

Our review of the record reflects that Appellant's judgment of sentence became final on November 29, 2010, ninety days after our Supreme Court denied Appellant's petition for allowance of appeal on August 31, 2010, and time expired for Appellant to seek a writ of *certiorari* in the United States Supreme Court.[5] 42 Pa.C.S. § 9545(b)(3); U.S. Supreme Court Rule 13. Accordingly, Appellant's instant PCRA petition, which was filed on June 23, 2018, was untimely.

As previously stated, if a petitioner does not file a timely PCRA petition, his petition may nevertheless be received under any of the three limited exceptions to the timeliness requirements of the PCRA. 42 Pa.C.S. § 9545(b)(1). If a petitioner asserts one of these exceptions, he must file his

---

[5] The lower court noted that Appellant filed a second notice of appeal, *pro se*, that was disposed of by this Court in a memorandum filed on February 5, 2010. Trial Court Opinion, 9/17/18, at 4 (citing **Commonwealth v. Johnson**, 996 A.2d 8, 1709 EDA 2009 (Pa. Super. filed February 5, 2010) (unpublished memorandum). However, that appeal had no bearing on Appellant's judgment of sentence. In that appeal, Appellant challenged the Department of Corrections making deductions from his inmate account. In our disposition of that appeal, we concluded that the trial court lacked jurisdiction and Appellant should have pursued an original action in the Commonwealth Court. Thus, the February 5, 2010 decision had no impact on the date that Appellant's judgment of sentence became final.

petition within one-year of the date that the exception could be asserted. 42 Pa.C.S. § 9545(b)(2). The burden is on the petitioner to plead and prove facts that establish one of the statutory exceptions. **Commonwealth v. Pew**, 189 A.3d 486, 488 (Pa. Super. 2018).

Appellant argues that the sentencing court should have made him RRRI eligible despite the fact that when Appellant was sentenced, the RRRI Act was not yet in effect. Nevertheless, Appellant avers that the sentencing court should have applied the RRRI Act retroactively. Appellant's Brief at 5. Appellant provides no relevant authority for this contention. Moreover, as the lower court pointed out, the RRRI Act went into effect on November 24, 2008. Trial Court Opinion, 9/17/18, at 5 n.5.[6] Thus, Appellant could have raised this claim over a decade ago, and he provides no cogent explanation as to why he failed to present this issue previously. After review, we find that nothing in Appellant's argument establishes any exception to the PCRA time bar.

Consequently, because the instant PCRA petition was untimely and no exceptions apply, the lower court lacked jurisdiction to address the claims presented and grant relief. **See Commonwealth v. Fairiror**, 809 A.2d 396, 398 (Pa. Super. 2002) (holding that PCRA court lacks jurisdiction to hear untimely petition). Likewise, we lack the authority to address the merits of any substantive claims raised in the PCRA petition. **See Commonwealth v.**

---

[6] **See also** 42 Pa.C.S. § 9756(b.1) (amending the Sentencing Code and including RRRI eligibility determinations).

***Bennett***, 930 A.2d 1264, 1267 (Pa. 2007) ("[J]urisdictional time limits go to a court's right or competency to adjudicate a controversy.").

Order affirmed.

P.J.E. Ford Elliott joins this Memorandum.

Judge Murray concurs in the result.

Judgment Entered.

_Joseph D. Seletyn_
Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/7/19